# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 AUG -6  P 2: 37

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANGELA BLACKSHEAR, as guardian on behalf of M.B., a minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 311-073 ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) |
| Defendant. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 14, 15). The Magistrate Judge recommended that the final decision of the Commissioner be reversed and that the case be remanded because the Administrative Law Judge ("ALJ") did not support with substantial evidence his conclusion that Plaintiff's minor daughter, M.B. ("Claimant"), did not functionally equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). (Doc. no. 12.)

Specifically, in the R&R, the Magistrate Judge first found that the ALJ had properly discredited the opinion of Claimant's treating physician. (Id. at 4-7.) Next, the Magistrate Judge assessed the ALJ's determination of whether Claimant functionally equaled the Listings. The Magistrate Judge concluded that the ALJ's findings on functional equivalence need not be isolated to the specific portion of the decision addressing functional equivalence;

however, the Magistrate Judge concluded that the ALJ's analysis was insufficient to support his finding that Claimant experiences less than a marked limitation in the functional domain of moving about and manipulating objects. (Id. at 7-16.)

The Commissioner now urges the Court to adopt the R&R's conclusions that the ALJ properly discredited Claimant's treating physician and that the Commissioner's findings regarding functional equivalence should not be considered in isolation. (Doc. no. 14, p. 1 & n.2.) The Commissioner argues, however, that the Magistrate Judge's conclusion that the ALJ's functional equivalence analysis was insufficient contradicts the Magistrate Judge's earlier conclusion that the ALJ's findings on functional equivalence should not be considered in isolation. (Id. at 2.) Specifically, the Commissioner contends that although Plaintiff argued that the ALJ's analysis of functional equivalence was "too sparse," the Magistrate Judge rejected this argument wholesale by concluding that the ALJ could support his functional equivalence findings with evidence considered elsewhere in the ALJ's decision. (Id.) The Commissioner argues that this contradicts the Magistrate Judge's later conclusion that the ALJ failed to support his finding that Plaintiff experiences less than a marked limitation in the functional domain of moving about and manipulating objects because the Magistrate Judge limited his review to evidence cited only under this functional domain. (Id.)

Plaintiff filed a response to the Commissioner's objections, as well as objections of her own. (Doc. no. 15.) Plaintiff argues that the Commissioner has mischaracterized the conclusions in the R&R and that the Magistrate Judge correctly determined that the ALJ's finding that Claimant experienced less than a marked limitation in the domain of moving

about and manipulating objects was not supported by substantial evidence. (Id. at 2.) However, Plaintiff objects to the R&R's conclusion that the ALJ properly discredited Claimant's treating physician, and she urges the Court to reject the R&R's conclusion that functional equivalence findings should not be considered in isolation. (Id. at 2-3 & n.1.) That is to say, Plaintiff disagrees with the Magistrate Judge's analysis as to whether functional equivalence findings should be considered in isolation, but she agrees with the Magistrate Judge's conclusion that the ALJ's functional domain finding is not supported by substantial evidence.

The majority of the parties' arguments offered in support of their objections are a reiteration of the arguments presented in the briefs. However, one point merits further discussion: whether the Magistrate Judge's conclusion that the ALJ's functional domain finding was not supported by substantial evidence contradicts his earlier conclusion that functional equivalence findings should not be considered in isolation. As explained below, the Commissioner has mischaracterized the Magistrate Judge's conclusions, and the Court finds that there is no contradiction in the R&R.

Contrary to the Commissioner's assertions, and as Plaintiff correctly argues (doc. no. 15, p. 2), the Magistrate Judge did not reject outright Plaintiff's argument that the ALJ's analysis was "too sparse." Rather, he concluded that although his review was not isolated to evidence considered solely in the ALJ's findings on functional equivalence, the ALJ had nevertheless failed to support his findings on the functional domain of moving about and manipulating objects with substantial evidence found elsewhere in his decision. (Doc. no. 12, pp. 7-16.)

Specifically, the Magistrate Judge first correctly found that the ALJ could support his findings on functional equivalence based on information considered elsewhere in the ALJ's decision. (Id. at 9-11 (citing Turberville ex rel. Rowell v. Astrue, 316 F. App'x 891, 893 (11th Cir. 2009) (*per curiam*))); see also Perez-Rosario ex rel. A.G.J. v. Comm'r of Soc. Sec., No. 6:07-cv-774, 2008 WL 1776569, at *4-5 (M.D. Fla. Apr. 17, 2008) (considering summary of doctor's report referenced outside functional domain findings to determine whether functional domain findings were supported). In particular, the Magistrate Judge noted the ALJ's statement in his functional domain findings that Claimant experiences less than a marked limitation in the domain of moving about and manipulating objects because she was able to perform activities like biking and swimming. (Doc. no. 12, p. 9 (citing R. 24).) Additionally, the Magistrate Judge considered analysis provided elsewhere in the ALJ's decision, noting specifically the ALJ's finding that Claimant's allegations as to the severity of her back pain were not fully credible because Claimant had no definitive diagnosis for her back pain and because "her symptoms are basically controlled with medications." (Id. at 10-12 (quoting R. 19-20).) Thus, the Magistrate Judge correctly found that the ALJ had considered numerous pieces of evidence before making his functional domain findings and concluding that Claimant did not functionally equal the Listings. (Id. at 12.)

Having concluded that the ALJ's functional equivalence findings should not be considered in isolation, the Magistrate Judge nevertheless concluded that the ALJ's finding that Claimant experiences less than a marked limitation in the domain of moving about and manipulating objects was not supported by substantial evidence. In particular, although Claimant reported that biking and swimming did not exacerbate her lower back pain, the

Magistrate Judge correctly noted that Claimant's back pain was not limited to her lower back, as her physicians had repeatedly diagnosed her with pain in her mid- and upper-back and along the length of her spine. (Id. at 14 (citing R. 464, 468, 472, 474, 490, 551, 555, 669).)

Further, the Magistrate Judge clearly considered the ALJ's finding that Claimant's back pain symptoms were controlled with medication – a finding that was not based on evidence considered in the ALJ's functional equivalence findings, as the Commissioner asserts. (Id. at 14-15.) The Magistrate Judge rejected this finding because the ALJ cited only to records showing that Claimant had reported to her mental health doctor that medication prescribed for depression – as opposed to pain – had helped her. (Id. (citing R. 20, 664).) Moreover, the Magistrate Judge properly found that to the extent the ALJ relied on a belief that Claimant's back pain was caused by somatoform disorder – and therefore might be controlled by depression medication – this reliance was undermined by the ALJ's assertion that Claimant lacked a definitive diagnosis for her back pain. (Id. at 15 (citing R. 16, 329).)

Simply put, the Court finds no contradiction in the Magistrate Judge's conclusion that while the ALJ *could have* supported his findings on functional equivalence based on information considered elsewhere in his decision, he had not done so in this case. In other words, although the Court will not restrict its review solely to that portion of the ALJ's decision assessing functional equivalence, the ALJ's analysis elsewhere in his decision must clearly support his functional domain findings. See Ryan v. Heckler, 762 F.2d 939, 941-42 (11th Cir. 1985) (explaining that courts cannot conduct a limited and meaningful review unless the ALJ states with "sufficient clarity the legal rules being applied and the weight accorded to the evidence considered."); Perez-Rosario ex rel. A.G.J., 2008 WL 1776569, at

5

*4-5 (stating that "[m]ere reference is not analysis," and holding that the regulations with regard to a child's disability claim require a "particularly clear explanation as to the ALJ's reasons for each finding"). Indeed, as the Magistrate Judge correctly stated, "it is incumbent upon the ALJ to support his finding" as to Claimant's limitation in functioning. (Doc. no. 12, p. 16.)

In sum, the Court finds the Commissioner's objections to the R&R to be without merit, and they thus provide no basis for departing from the Magistrate Judge's recommendation. The objections not otherwise discussed herein are likewise without merit. Both parties' objections are therefore **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO ORDERED this 6th day of August, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE